STATE, Respondent, v. SHEARS, Appellant. [Case No. State 236.]

STATE, Respondent, v. MADDEN, Appellant. [Case No. State 237.]

STATE, Respondent, v. FORD, Appellant. [Case No. State 244.]

*Nos. State 236, 237, 244. Decided July 3, 1974.*
(Also reported in 219 N. W. 2d 241.)

For the appellant in Case No. State 236 there was a brief by *Howard B. Eisenberg,* state public defender, and *Ronald L. Brandt,* assistant state public defender.

For the respondent in Case No. State 236: *Robert W. Warren,* attorney general, and *James H. McDermott* and *Thomas J. Balistreri,* assistant attorneys general.

For the appellant in Case No. State 237 there was a brief by *Howard B. Eisenberg,* state public defender.

For the respondent in Case No. State 237: *Robert W. Warren,* attorney general, and *James H. McDermott* and *Thomas J. Balistreri,* assistant attorneys general.

For the appellant in Case No. State 244: *Beverly A. Temple* of Milwaukee.

For the respondent in Case No. State 244: *Robert W. Warren,* attorney general, and *James H. McDermott,* assistant attorney general

PER CURIAM. The appellants were convicted on two counts of first-degree murder and one count of armed robbery as parties to the crimes after a jury trial. Judgment of conviction in each case was entered on February 9, 1973. Within ninety days after judgment of conviction was entered, a motion was made on behalf of each appellant to extend the time within which a motion for a new trial could be made, heard, and decided. The motions were granted. In each case a motion for a new trial was made, but not until more than ninety days had passed after the judgment of conviction was entered. In State Nos. 236 and 237, State v. Shears and State v. Madden, the motions for a new trial were denied by a written order entered on August 31, 1973. No written order was entered in State No. 244, State v. Ford. Notices of appeal were filed on behalf of Shears and Madden

on October 15, 1973, for the purpose of reviewing the judgment of conviction and the trial court's order denying the motion of each for a new trial. Notice of appeal from the judgment of conviction and purported denial of his motion for a new trial was filed on behalf of Ford on November 28, 1973. The state has moved to dismiss all appeals from the judgments of conviction. The state has also moved to dismiss Ford's appeal from the denial of his motion for a new trial. In each case the ground of the state's motion is that notice of appeal was served more than ninety days after entry of the determination appealed from, the time limit fixed by sec. 974.03, Stats.

The state's motion to dismiss the appeals from the judgments of conviction must be granted. Under sec. 974.03, Stats., the only exception to the rule that the time limit for appeal is ninety days is where a motion for a new trial has been made within the ninety-day period. The appellants argue that because the time for making, hearing, and determining a motion for a new trial may be extended by the trial court under sec. 974.02, the effect of an order granting such a motion is also to extend the time for appeal from the judgment of conviction. Sec. 974.02 deals with motions for a new trial, not with the time for taking an appeal. That subject is covered in sec. 974.03. Since there was no motion for a new trial made within ninety days after entry of the judgments of conviction, the time for appeal from those judgments was not extended, and the appeals from the judgments of conviction must be dismissed.

The state has not challenged the appeals of Shears and Madden from the order denying their motion for a new trial. Because an order has never been entered denying Ford's motion for a new trial, there is nothing for him to appeal. The record discloses that at the hearing on the motions for new trial, after orally denying them, the trial judge stated:

"With that you may prepare—I think one order—or do you want all individual lawyers, each counsel, prepare an order for my signature so you will have it in the record?"

It is clear that the trial judge contemplated a formal written order denying the motions. This order was prepared and entered in State Nos. 236 and 237, but not in State No. 244. Because an order denying the motion for a new trial has not yet been entered in State No. 244, the time for appeal from that order has not yet begun to run, and any attempt to appeal is premature. After an order denying Ford's motion for a new trial has been entered and a proper appeal taken, these cases will be consolidated.

The appeals from the judgments of conviction in State No. 236, State No. 237, and State No. 244 are dismissed. The appeal from the purported order denying a motion for a new trial in State No. 244 is also dismissed.